UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HENRY EARL ESTER, §
　§
　　Petitioner, §
VS. § CIVIL ACTION NO. 4:18-CV-3004
　§
LORI DAVIS, §
　§
　　Respondent. §

## MEMORANDUM AND ORDER

Petitioner Henry Earl Ester filed a petition for a writ of habeas corpus challenging a 1995 conviction in the 145th Judicial District Court of Nacogdoches County, Texas. He filed a petition challenging the same conviction in the Eastern District of Texas in 2000. That Court dismissed Ester's first federal habeas petition as time barred on August 2, 2004. *Ester v. Director*, No. 9:00-cv-0032 ( E.D. Tex. Aug. 2, 2004).

The Anti-Terrorism and Effect Death Penalty Act's ("AEDPA") requires this Court to dismiss any successive habeas petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Ester has already

challenged his conviction and sentence through a federal habeas corpus petition. Therefore, Ester's recent filing constitutes a successive habeas petition.

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Therefore, Ester's petition is dismissed without prejudice for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED on this 30th day of August, 2018.

_____
Kenneth M. Hoyt
United States District Judge